UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAUL RONALD COPAS,

       Petitioner,                           Case No. 09-cv-14744

                                            Paul D. Borman
                                            United States District Judge
v.

                                            Paul J. Komives
                                            United States Magistrate Judge

CINDI C. CURTIN,

       Respondent.
_____/

OPINION AND ORDER
(1) OVERRULING PETITIONER'S OBJECTIONS TO THE MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION (DKT. NO. 9);
(2) ADOPTING THE REPORT AND RECOMMENDATION (DKT. NO. 8);
(3) DENYING THE PETITION FOR HABEAS RELIEF (DKT. NO. 1); AND
(4) DENYING A CERTIFICATE OF APPEALABILITY

This matter is before the Court on Petitioner's Objections to the Magistrate Judge's Report and Recommendation. (Dkt. No. 9.) For the reasons that follow, the Court OVERRULES Petitioner's Objections, ADOPTS the Report and Recommendation (Dkt. No. 8), DENIES Petitioner's Application for the Writ of Habeas Corpus (Dkt. No. 1) and DENIES a Certificate of Appealability.

I.      BACKGROUND

The facts are adequately set forth in the Magistrate Judge's Report and Recommendation and the Court only summarizes here. Petitioner was convicted, following a jury trial in Washtenaw County Circuit Court, of two counts of first degree premeditated murder and two counts of

possession of a firearm during the commission of a felony. The evidence at trial established that Petitioner was involved in a confrontation with Clint Ousley at Ousley's trailer home the morning of the shootings, during which Ousley threw a crowbar at the van Petitioner was driving, smashing the passenger side back window. Later that evening, Petitioner returned to Ousley's trailer, along with his co-defendants and armed with assault rifles, which Petitioner and two of his co-defendants fired randomly into the bay window of Ousley's trailer, killing two teenagers who were inside the trailer.

Following a jury trial, Petitioner was sentenced to two mandatory terms of life imprisonment without the possibility of parole and two mandatory consecutive terms of two years' imprisonment on the felony-firearm conviction. Petitioner appealed as of right, through counsel, to the Michigan Court of Appeals which affirmed the conviction and sentence. The Michigan Supreme Court denied leave to appeal and Petitioner filed this habeas proceeding on December 8, 2009. (Dkt. No. 1.) Respondent filed a response to the petition, arguing that all of Petitioner's claims were without merit. (Dkt. No. 4.) This Court referred the matter to Magistrate Judge Paul Komives who issued a Report and Recommendation denying the petition and denying a certificate of appealability. (Dkt. No. 8.) The matter is now before the Court on Petitioner's Objections to the Report and Recommendation. (Dkt. No. 9.) For the reasons that follow, the Court, having reviewed the Report and Recommendation, the Objections and the entire record in this matter, OVERRULES Petitioner's Objections, ADOPTS the Report and Recommendation, DENIES the Petition and DENIES a certificate of appealability.

**II.     STANDARD OF REVIEW**

The Court reviews *de novo* those portions of the Report and Recommendation to which a

specific objection has been filed. *See* 28 U.S.C. § 636(b)(1). A district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. An "objection" that does nothing more than disagree with a magistrate judge's conclusion, or simply summarizes what has been argued before, is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 508 (6th Cir.1991).

### III.   ANALYSIS

#### A.   Petitioner's Objection to the Facts Adopted by the Magistrate Judge is Overruled

Petitioner first objects that the state court unreasonably determined the facts in light of the evidence presented as they related to the circumstances surrounding the taking of two separate statements from the Petitioner. (Objs. ¶ 6.) Specifically, Petitioner objects to the Magistrate Judge's adoption of those facts as set forth at pages 7-8 of the Report and Recommendation. Petitioner argues that an accurate recitation of the facts surrounding the taking of the two statements from Petitioner is set forth at pages 6-7 of his Petition. Having reviewed the Petition, and having reviewed both the statements themselves, as well as the testimony of the officers at trial regarding the taking of those statements, the Court concludes that the Magistrate Judge's recitation of those facts accurately reflects the pertinent events. In any event, the Court concludes *infra* that counsel was not ineffective for failing to move to suppress Petitioner's statements.

3

### B. Petitioner's Objection to the Magistrate Judge's Conclusion That Prosecutors Did Not Have a Duty to Disclose Clint Ousley's Pending Criminal Sexual Conduct Charge is Overruled

As an initial matter, the Court agrees with the Magistrate Judge's observation that the body of Petitioner's brief makes it clear that he is asserting a suppression of evidence claim pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963).  Petitioner argues that the prosecution was aware, when Clint Ousley was testifying as a witness against Petitioner at trial, that it was planning to arrest Ousley and charge him with criminal sexual conduct in the alleged rape of a 12 year old girl, which prosecutors in fact did do, in the courthouse, as soon as Ousley completed his testimony in the trial against Petitioner.  (Objs. Ex. 53a, Trial Transcript, Jan. 24, 2007, Vol. III, 5:16-6:4.)  Petitioner argues that Ousley changed his testimony at trial, which was more damning to Petitioner than Ousley's prior statements at his preliminary exam, in hopes of receiving lenient treatment on the rape charges that he knew would be brought against him.  Petitioner argues that had he known of these charges, he would have impeached Ousley with this information at the time of trial.  Petitioner argues that prosecutors had a duty to disclose this impeaching evidence and that their failure to do so was a violation of their obligations under *Brady*.

First, the Court agrees with the Magistrate Judge that Petitioner has not demonstrated that this information was suppressed within the meaning of *Brady* because the prosecution did disclose the fact of Ousley's arrest on the third morning of trial, the morning after his testimony at trial. "*Brady* generally does not apply to delayed disclosure of exculpatory information, but only to a complete failure to disclose." *United States v. Davis*, 306 F.3d 398, 421 (6th Cir. 2002) (internal quotation marks and citation omitted).  A delay in the disclosure of *Brady* material only constitutes a violation of the government's obligations under *Brady* if defendant has been prejudiced by the

4

delay. *Norris v. Schotten*, 146 F.3d 314, 334 (6th Cir. 1998) (internal quotation marks and citation omitted). Petitioner in the instant case has not demonstrated such prejudice as defense counsel was free to recall Ousley to impeach him with evidence that his testimony was influenced by his expectation of favorable treatment from the government. Defense counsel chose not to do so. Accordingly, Petitioner cannot show that this evidence was suppressed within the meaning of *Brady*.

Further, the Court agrees with the Magistrate Judge that the court of appeals' conclusion that Petitioner failed to establish the materiality of any such evidence under *Brady* was reasonable. While Petitioner argues that he was steadfastly denied an opportunity to conduct a hearing on whether or not Petitioner knew of the pending rape charge, and whether he had any kind of a deal with prosecutors regarding favorable treatment on that charge in exchange for his testimony against Petitioner, even assuming that he was promised such a deal, cross-examination on this point to establish bias would have had no measurable effect on the jury's assessment of Ousley's credibility. Ousley was examined extensively at trial regarding the inconsistencies between his testimony at his preliminary examination and his testimony at trial, in particular about the fact that he failed to mention, at his preliminary exam, the fact that Petitioner made a "cocking gun" gesture during the altercation at Petitioner's trailer the morning of the shootings. Moreover, contrary to Petitioner's suggestion that Ousley was the prosecution's "star witness," without whom they would have been unable to convict Petitioner, in fact, as the Magistrate Judge details in his report, corroborating evidence as to Petitioner's involvement was extensive and Ousley's credibility was effectively attacked on many fronts. The Court agrees with the Magistrate Judge's conclusion that there is not a reasonable probability that the outcome of the trial would have been different had the prosecution disclosed the pending charge against Ousley sooner, which only would have provided cumulative

5

impeaching evidence.

      **C.**     **Petitioner's Objection to the Magistrate Judge's Conclusions as to the Timing of the Disclosure of the Ballistics Report and as to Defense Counsel's Failure to Elicit More Detailed Trajectory Testimony from the Ballistics Expert is Overruled**

The Court agrees with the Magistrate Judge that the timing of the disclosure of the ballistics report was a factual determination made by the trial court which must be presumed to be correct on habeas review absent clear and convincing to the contrary. *See* 28 U.S.C. § 2254(e)(1); *Armstrong v. Morgan*, 372 F.3d 778, 780-81 (6th Cir. 2004). Petitioner has made no such showing here and the ballistics expert's trial testimony supports the finding that the report was disclosed to defense counsel on January 19, 2007, three days before the start of trial. Moreover, Petitioner has failed to disclose that further questioning of the ballistics expert on the trajectory of the bullets would have resulted in a different outcome of his trial. Petitioner argued that the "upward" trajectory of the bullets would have established his intent to "shoot up into the air," and to do only property damage, thus negating any finding of intent to kill. However, the ballistics expert testified that the path of the bullets upon entering the trailer was at the level of those standing in the trailer (an obvious deduction based on the fact that two people standing in the trailer were killed), the majority of them entering through the trailer's front bay window. The fact that some of the bullets may have exited the trailer at a higher level was explained by the ballistics expert as due to the deflection of the bullets off of objects such as studs, drywall or metal. (Objs. Ex. 17a, Trial Testimony, 52:22-53:23.) Given the fact that the bullets entered through the trailer's main bay window, and in fact struck and killed two people standing in the trailer, it is not reasonable to assume that a jury would have reached a different conclusion based on additional testimony that was equivocal at best on the actual trajectory of the bullets.

### D. Petitioner's Objection to the Magistrate Judge's Conclusion That the Evidence Was Sufficient to Establish the Intent Necessary to Sustain a First Degree Murder Conviction is Overruled

The Court agrees with the Magistrate Judge's conclusion that evidence presented at trial was sufficient to sustain the jury's finding that the Petitioner acted with the requisite mental state necessary to support a conviction for first degree murder. Numerous witnesses corroborated the facts that Petitioner had been involved in an altercation at Ousley's trailer earlier in the morning on the day of the shootings, that threatening words were exchanged at that time and that the window of the van in which Petitioner and his friends were riding was broken when Ousley threw a crowbar at the van as Petitioner's group fled the property that morning. Moreover, several witnesses testified to the fact that Petitioner and his co-defendants decided to return to the property later that night, armed with assault-type weapons, and that Petitioner and two of his co-defendants drove from Ecorse to Ypsilanti (a distance of several miles, giving them plenty of time to reflect on their plan) with the express purpose of using those weapons to fire multiple rounds into or at the trailer that evening, which they did after observing Ousley standing outside his trailer talking to a law enforcement officer just moments before the assault. Their intentional and premeditated conduct resulted in the death of two young teenagers who were standing inside the trailer. Petitioner places undue significance on Ousley's testimony at trial that Petitioner made a "cocking gun" motion during the morning altercation at the trailer and that this testimony must have figured decidedly in the jury's evaluation of the evidence of Petitioner's intent. Petitioner argues that had he been able to impeach Ousley with evidence of his CSC charge, with the suggestion of a favorable deal with the government, the entire outcome of the trial would have been different. The Court disagrees. Evidence of Petitioner's intent could easily have been inferred by the jury based on the evidence

cited above, regardless of Ousley's "cocking gun" testimony. As the Magistrate Judge noted in his Report and Recommendation, the Michigan Court of Appeals reasonably concluded that the evidence presented was sufficient to establish both intent and premeditation:

> The evidence that Copas armed himself with an assault rifle after being involved in a confrontation with Ousley earlier in the day, went back to Ousley's trailer, and fired the rifle through the bay window of the trailer at a height calculated to strike a human target, was sufficient to permit a rational trier of fact to reasonably infer that defendant Copas possessed an intent to kill. Additionally, the drive from Ecorse to Ypsilanti, and the delay at the trailer park while waiting for the law enforcement officer to leave the area, demonstrated that there was sufficient time to take a second look and supported a finding of premeditation and deliberation.

Report and Recommendation, 21-22. The Court agrees that there was sufficient evidence presented of Petitioner's intent and premeditation.

### E.     Petitioner's Objection to the Magistrate Judge's Conclusion That The Petitioner's Joint Trial Did Not Result in a Constitutional Violation Entitling Him to Habeas Relief is Overruled

The Court agrees with the Magistrate Judge's conclusion that Petitioner's argument that he was denied the right to a fair trial by the trial court's decision to conduct a joint trial with his co-defendants does not entitle him to habeas relief. The Michigan Court of Appeals rejected this claim, explaining that the use of two juries in a joint trial actually avoided the potential prejudice that might have occurred if a single jury were able to hear one defendant's exculpatory statement that might have been inadmissable against another defendant. (Report and Recommendation, 26.) Petitioner has not established that the joint trial in any way prevented him from presenting evidence or from fully presenting his defense. Petitioner's argument is based purely on speculation about what the jury might have inferred from statements that were made outside of their presence, the actual substance of which they never learned.

### F.     Petitioner's Objection to the Magistrate Judge's Conclusions on His Ineffective

**Assistance of Counsel Claims is Overruled**

The Court agrees with the Magistrate Judge that it was a reasonable trial strategy for Petitioner's counsel to have decided not to move to suppress evidence of the two statements made by Petitioner to police because that was the only evidence presented at trial in support of Petitioner's theory of the case, i.e. that he was driving the van when he and his co-defendants returned to the trailer that evening and that he had no idea that shots would be fired into the trailer, as opposed to into the air above the trailer. Several witnesses placed Petitioner at the trailer at the heart of the morning altercation and two other eye witnesses, who were riding in the van on the return trip that evening, placed Petitioner in the back of the van, with the assault rifles, firing out the van window in the direction of the trailer. The only other means by which the defense could have presented their contrary theory would have been to put the Petitioner on the stand and subject him to cross-examination on this theory as well as a multitude of other issues. As the Magistrate Judge noted in his Report and Recommendation, under the "doubly-deferential" standard mandated by the Supreme Court in *Harrington v. Richter*, 131 S. Ct. 770, 788 (2011), the Michigan Court of Appeals correctly concluded that this was a reasonable strategic decision.

Finally, Petitioner objects to the Magistrate Judge's conclusion that counsel was not ineffective for failing to recall Ousley or to move for a mistrial following the prosecutor's disclosure that Ousley had been arrested on the CSC charge. As discussed above in connection with Petitioner's *Brady* challenge to this potentially impeaching evidence, Petitioner has failed to establish that the result of the trial would have been different had this testimony been elicited. Ousley was effectively impeached by defense counsel on several issues and, despite Petitioner's claim otherwise, Ousley was not the source of the most damaging evidence against Petitioner. The

9

two eye witnesses riding in the van who placed Ousley in the rear of the van with the assault rifles, and who identified Petitioner as arranging to bring the assault weapons on board and further identified Petitioner as one of the shooters, were far more important witnesses than Ousley, whose credibility was effectively attacked in any event through other lines of questioning.

## IV.    CONCLUSION

For the foregoing reasons, the Court OVERRULES Petitioner's Objections to the Report and Recommendation (Dkt. No. 9); ADOPTS the Report and Recommendation (Dkt. No. 8); DENIES the Petition for Habeas Corpus (Dkt. No. 1); and DENIES a certificate of appealability for the reasons stated by the Magistrate Judge in his Report and Recommendation.

IT IS SO ORDERED.

    S/Paul D. Borman
    PAUL D. BORMAN
    UNITED STATES DISTRICT JUDGE

Dated:  September 28, 2011

### CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on September 28, 2011.

    S/Felicia Moses for Denise Goodine
    Case Manager